# NO. 12-18-00217-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SANDRA MICHELLE FORD,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Sandra Michelle Ford appeals from her conviction for second degree felony possession of a controlled substance. In one issue, Appellant contends that the trial court erred in denying her motion to suppress evidence. We affirm.

## BACKGROUND

Constable Kevin Petty was the only witness at the suppression hearing. Constable Petty testified that he saw Appellant's vehicle passing through a high crime area and decided to follow it. After a short time, Constable Petty observed Appellant's vehicle cross entirely over the white fog line that separates the regular traffic lane from the improved shoulder. He stopped Appellant for failing to maintain a single lane by driving on the improved shoulder. During the ensuing stop, Constable Petty obtained Appellant's verbal consent to search her vehicle. Under the passenger seat, he found a small Scope bottle containing an unknown substance. The DPS laboratory later determined that the substance in the Scope bottle was PCP (phencyclidine).

Appellant moved to suppress evidence seized during the traffic stop. Following a hearing, the trial court denied Appellant's motion to suppress. Appellant entered a plea of "guilty" pursuant to an agreement, and the trial court placed her on deferred adjudication community supervision for ten years. This proceeding followed.

In her sole issue, Appellant challenges the denial of her motion to suppress evidence seized during the traffic stop.

## Standard of Review

An appellate court generally reviews a trial court's denial of a motion to suppress for abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). The reviewing court must give almost total deference to the trial court's findings of historical fact supported by the record. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The appellate court should afford the same deference to the trial court's rulings on "mixed questions of law and fact" if the rulings depend upon an evaluation of witness credibility and demeanor. *Id*. We review de novo the trial court's application of the law to the facts. *Id*.

## Applicable Law

The Fourth Amendment permits the warrantless detention of a person if the detention is justified by reasonable suspicion. U.S. CONST. amend. IV; *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Reasonable suspicion of criminal activity sufficient to justify an investigatory stop exists if the police officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged in or is, or soon will be, engaging in criminal activity. *Jaganathan*, 479 S.W.3d at 247. This standard looks solely to determine whether an objective basis for the stop exists and disregards the subjective intent of the officer making the stop. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A court looks to the totality of the circumstances in determining whether reasonable suspicion exists. *Curtis v. State*, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007). "Criminal Statutes outside the penal code must be construed strictly, with any doubt resolved in favor of the accused." *State v. Cortez*, 543 S.W.3d 198, 206 (Tex. Crim. App. 2018) (quoting *Stevenson v. State*, 499 S.W.3d 842, 849 (Tex. Crim. App. 2016)).

Section 545.058(a) of the Texas Transportation Code provides, as follows:

> (a) An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:
>
> (1) to stop, stand, or park;
> (2) to accelerate before entering the main traveled lane of traffic;
> (3) to decelerate before making a right turn;
> (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway,

disabled, or preparing to make a left turn;
(5) to allow another vehicle traveling faster to pass;
(6) as permitted or required by an official traffic-control device; or
(7) to avoid a collision.

TEX. TRANSP. CODE ANN. § 545.058(a) (West 2011). "Improved Shoulder" is defined as "a paved shoulder." *Id*. § 541.302(6) (West 2011). "Shoulder" is defined as the portion of a highway that is:

A. adjacent to the roadway;
B. designed or ordinarily used for parking;
C. distinguished from the roadway by different design, construction or marking; and
D. not intended for normal vehicular travel.

*Id*. § 541.302(15) (West 2011).

### Discussion

In its findings of fact, the trial court found that Constable Petty saw Appellant's car "drive over the white fog line on the side of the road, crossing the line completely, and drive onto the improved shoulder." In its conclusions of law, the trial judge concluded that this constituted an offense under Section 545.058(a), and that Constable Petty therefore had sufficient reasonable suspicion to initiate the traffic stop. There is no evidence that Appellant's driving on the improved shoulder fell within one of the seven permissible reasons for driving on the improved shoulder listed in Section § 545.058(a).

Constable Petty admitted looking for a pretext to stop Appellant and search for drugs because she drove out of a high crime area. However, the court must only determine whether Constable Petty had an objective basis for the stop. *See Ford*, 158 S.W.3d at 492. The trial court correctly disregarded the subjective intent of the officer making the stop.

Appellant argues that the court of criminal appeals' decision in *State v. Cortez* supports reversal. We disagree. *Cortez* dealt with the same question, but is easily distinguished on its facts. The drivers in *Cortez* and the instant case were both stopped for allegedly unlawfully driving on the improved shoulder. *See Cortez*, 543 S.W.3d at 200. In *Cortez*, the court of criminal appeals affirmed the trial court's suppression of evidence. *Id*. The trial court made a specific finding that the defendant's vehicle did not cross completely over the fog line and thus he did not violate the

3

transportation code. *Id*. at 202-03. The court noted the complete lack of evidence showing the defendant crossed completely over the fog line:

> Crossing over the portion of the fog line nearest the center of the roadway or upon the fog line is not a violation of Texas traffic law. . . .

*Id*. at 203. In the instant case, the record supports the trial court's finding that Appellant's vehicle crossed over the fog line and on to the improved shoulder. We agree with the trial court's conclusion that this action constituted an offense under Section 545.058(a) of the transportation code.

In *Cortez*, the trial court also found that if the defendant had driven on the improved shoulder, he was authorized to do so under two of the seven exceptions set out in Section 545.058(a) of the transportation code, i.e., "to decelerate before making a right turn," and to "allow another vehicle traveling faster to pass." *Id*. at 207-08; TEX. TRANSP. CODE ANN. § 545.058(a)(3), (5). Here, there is no suggestion that Appellant's driving on the improved shoulder was by necessity or for any of the statutory reasons under Section 548.058(a).

We conclude that the trial court's findings are fully supported by the record. Constable Petty observed Appellant cross completely over the fog line and onto the improved shoulder. A dashcam video of the offense clearly showed her vehicle cross over the line. Therefore, Constable Petty had sufficient reasonable suspicion that Appellant committed a traffic offense that was the basis for the stop. *See Jaganathan*, 479 S.W.3d at 247. The trial court did not abuse its discretion in denying Appellant's motion to suppress. *See Shepherd*, 273 S.W.3d at 684. We overrule Appellant's sole issue.

## DISPOSITION

The judgment of the trial court is *affirmed*.

**BILL BASS**
Justice

Opinion delivered April 10, 2019.
*Panel consisted of Worthen, C.J., Neeley, J., Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 10, 2019

NO. 12-18-00217-CR

**SANDRA MICHELLE FORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0502-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass,Retired  J., Twelfth Court of Appeals, sitting by assignment.*